```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


ARTHUR DONALD DARBY, JR.,         )
                                  )
               Plaintiff,         )
                                  )
          v.                      )         1:24CV109
                                  )
DIRECT EXPRESS, EXECUTIVE TEAM,   )
                                  )
               Defendant.         )
```

### MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry 1 (the "Application")), submitted in conjunction with a Complaint (Docket Entry 2; see also Docket Entry 3 (Civil Cover Sheet); Docket Entry 5 (supporting documents)). The Court will grant the Application for the limited purpose of recommending dismissal of this action as frivolous (due to the lack of subject matter jurisdiction) under 28 U.S.C. § 1915(e)(2)(B)(i).

### INTRODUCTION

According to the Complaint, this Court possesses subject matter jurisdiction over this action based on both the presence of a "[f]ederal question" (Docket Entry 2 at 3) and the "[d]iversity of citizenship [of the parties]" (id.). Regarding the former, asserted, jurisdictional basis, the Complaint lists these "specific federal statutes . . . that are at issue in this case" (id.): "Bank Secrecy Act, Anti-Money Laundering and Office Foreign Asset

Control."  (Id.; see also id. (adding term "Section 8.1" above words "Office Foreign Asset Control").)[1]  On the Civil Cover Sheet, in turn, Plaintiff cited "18 U.S. Code § 246 – Deprivation of Relief Benefits" (Docket Entry 3 at 1) as the "[s]tatute under which [he was] filing" (id.).  To establish jurisdiction based on diversity of citizenship, the Complaint identifies Plaintiff as a citizen of North Carolina (see Docket Entry 2 at 3) and "[D]efendant [a]s a corporation" (id. at 4), "incorporated under the laws of . . . Texas" (id.), with "its principal place of business in . . . Texas" (id.).  Lastly (as will become relevant to review of diversity-of-citizenship jurisdiction), the Complaint describes the relief sought as "[d]amages to personal credit, benefits, [and] personal bank (PNC) bill collections" (id.), as well as "[a]ny payment owed" (id.),[2] while the Civil Cover Sheet makes a total "demand" (Docket Entry 3 at 1) of "$75,000.00" (id.).

## DISCUSSION

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at Section 1915], is intended to guarantee that

---

[1] Quotations from Plaintiff's filings apply standard capitalization conventions and omit any underscoring.

[2] In the section for "Relief" (Docket Entry 2 at 4), the Complaint refers to Plaintiff as a "[v]ictim of identity theft" (id.), "citing the financial disclosure requirements[, ] difficulty in finding banks . . . willing to accept [Plaintiff] as a customer, [and] the time frame to wait beyond unreasonable explanation" (id. (parentheses omitted); see also id. (referencing "provi[sion of] false information, debit card surrendered[, and] Social Security Sanford North Carolina needs for new Social Security number")).

2

no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . (B) the action . . . (i) is frivolous . . . ." 28 U.S.C. § 1915(e)(2). As to that ground for dismissal, the United States Supreme Court has explained that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Nagy, 376 F.3d at 256 ("The word frivolous is inherently elastic and not susceptible to categorical definition." (internal quotation marks omitted)).

Notably, the Court bears "an independent obligation to determine whether subject-matter jurisdiction exists," Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010), and, to that end, "[a]s part of th[e] frivolity review under § 1915(e)(2), the Court may consider whether it has subject matter jurisdiction," Gateway Plaza Greensboro, LLC v. Spigner, No. 1:22CV1047, 2022 WL 22839643, at *1

3

(M.D.N.C. Dec. 29, 2022) (unpublished) (Peake, M.J.), recommendation adopted, slip op. (M.D.N.C. Jan. 30, 2023) (Eagles, J.); accord, e.g., Glenn v. Glenn, No. 1:21CV510, 2021 WL 12157701, at *2 (M.D.N.C. Dec. 16, 2021) (unpublished) (Webster, M.J.), recommendation adopted, 2022 WL 21828633 (M.D.N.C. Jan. 11, 2022) (unpublished) (Biggs, J.); see also Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968) ("The burden is on the party asserting the jurisdiction of the court to show that jurisdiction does, in fact, exist."). Put another way, "[a]n in forma pauperis complaint that fails to establish subject matter jurisdiction lacks an arguable basis in law, and therefore may be dismissed sua sponte." Hill v. United States, No. 1:12CV92, 2013 WL 1192312, at *4 n.5 (N.D. W. Va. Mar. 22, 2013) (unpublished); see also Utley v. Utley-Frye, No. 5:23CV14, 2023 WL 3775069, at *3 (W.D. Va. June 2, 2023) (unpublished) ("[T]he complaint does not establish subject matter jurisdiction. In the absence of such jurisdiction, the complaint lacks an arguable basis in law and therefore fails as frivolous." (internal quotation marks, brackets, and ellipsis omitted)), recommendation adopted, slip op. (W.D. Va. Oct. 24, 2023).

Here (as documented in the Introduction), the Complaint purports to invoke the Court's federal-question jurisdiction, see 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), by vaguely adverting to

4

the "Bank Secrecy Act, Anti-Money Laundering and Office Foreign Asset Control" (Docket Entry 2 at 3; see also id. (ambiguously citing "Section 8.1")). However, "[t]here is no private right of action under the Bank Secrecy Act . . . or the implementing regulations." Best v. Green Dot Corp., No. 4:22CV146, 2023 WL 2733413, at *2 (E.D.N.C. Feb. 14, 2023) (unpublished), recommendation adopted, 2023 WL 2731035 (E.D.N.C. Mar. 30, 2023) (unpublished); see also, e.g., In re Estate of Cook, No. 23-1945, 2025 WL 2237439, at *4 (4th Cir. Aug. 6, 2025) (unpublished) (observing that "federal courts across the country . . . [have] held that the [Bank Secrecy Act] does not create a private right of action"); Frankel-Ross v. Congregation OHR Hatalmud, No. 15 Civ. 6566, 2016 WL 4939074, at *4 (S.D.N.Y. Sept. 12, 2016) (unpublished) ("[I]t is now well settled that the anti-money-laundering obligations of banks, as established by the Bank Secrecy Act, obligate banks to report certain customer activity to the government but do not create a private cause of action permitting third parties to sue for violations of the statute." (internal quotation marks omitted)).[3]

---

[3] To the extent Plaintiff intended to assert any claims under "the Anti-Money Laundering Act, 31 U.S.C. § 5311, et seq.," Pierre Invs., Inc. v. Fifth Third Bancorp, No. 23-3269, 2023 WL 8373001, at *1 (6th Cir. Dec. 4, 2023) (unpublished) (italics omitted), the undersigned Magistrate Judge finds "no support for the proposition that . . . [said] statute[] impl[ies] a private right of action," id. See id. (holding that "district court properly dismissed [any such] claims"); Mansor v. JPMorgan Chase Bank, N.A., 183 F. Supp.
(continued...)

5

"Over the years th[e United States Supreme] Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted). Put another way, "where a claim is obviously without merit, *Hagans* precludes a federal district court from exercising its jurisdiction." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); see also Marshall v. American Broad. Cos., Inc., No.

---

³(...continued)
3d 250, 265 (D. Mass. 2016) ("To the extent the [plaintiffs'] claim is based on alleged violations of federal anti-money laundering laws, it must fail as well." (internal parenthetical omitted)). The Complaint's reference to the "Office Foreign Asset Control" (Docket Entry 2 at 3) similarly does not invoke any viable cause of action. See generally Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela, Misc. No. 17-151, 2025 WL 3281353, at *8 (D. Del. Nov. 25, 2025) (unpublished) (explaining that "Department of Treasury's Office of Foreign Assets Control . . . administers and enforces economic sanctions programs primarily against countries" (internal quotation marks omitted)), appeal filed, No. 25-3350 (3d Cir. Dec. 2, 2025); see also Peterson v. Bank Markazi, 121 F.4th 983, 991 (2d Cir. 2024) (describing "Office of Foreign Asset [sic] Control" as "enforcement arm of the U.S. Department of the Treasury"). Lastly, Plaintiff cannot maintain a claim under "18 U.S. Code § 246 [for d]eprivation of [r]elief [b]enefits" (Docket Entry 3 at 1). See, e.g., Benjamin v. Vaughan, No. 1:16CV136, 2016 WL 7496124, at *1 n.1 (M.D.N.C. Dec. 30, 2016) (unpublished) (Schroeder, J.) (ruling that "18 U.S.C. § [] 246" does not "provide[] a private right of action"); see also 18 U.S.C. § 246 (creating federal criminal misdemeanor offense for interference with benefits supported by federal "funds for work relief or relief purposes, on account of political affiliation, race, color, sex, religion, or national origin").

6

1:16CV550, 2017 WL 2774265, at *2 (M.D.N.C. June 26, 2017) (unpublished) (Schroeder, J.) ("As to federal question jurisdiction, the court does not lack authority to act simply because a claim lacks merit or is doubtful. But a claim is too insubstantial and frivolous to support federal question jurisdiction when it is obviously without merit." (internal brackets and quotation marks omitted)). Because the Complaint does not identify any non-frivolous, federal claim, Plaintiff has failed to establish a basis for this Court to exercise federal-question jurisdiction over this action.

Nor does the Complaint allege facts adequate to support a finding that the Court possesses diversity-of-citizenship jurisdiction, see 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions <u>where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs</u>, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, except . . . [lawful permanent residents] domiciled in the same State; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." (emphasis added)). Specifically, Plaintiff expressly has "demand[ed] $75,000.00" (Docket Entry 3 at 1), i.e.,

7

an amount that does not "exceed[] the sum or value of $75,000," 28 U.S.C. § 1332(a) (emphasis added).[4]

## CONCLUSION

This action may not proceed in this Court due to the lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that the Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed without prejudice as frivolous (for lack of subject matter jurisdiction) under 28 U.S.C. § 1915(e)(2)(B)(i).

/s/ L. Patrick Auld
**L. Patrick Auld
United States Magistrate Judge**

January 30, 2026

---

[4] Moreover, the Complaint does not set forth any facts that would support an inference that Plaintiff's damages exceed $75,000. (See, e.g., Docket Entry 2 at 4 (discussing transaction in which Plaintiff allegedly "should've received round [sic] about $1,111"); Docket Entry 5 at 2 (stating, in letter addressed to Plaintiff from "Direct Express Fraud Services Department," that said department "has started an investigation into [Plaintiff's] claim dated 02/02/2024 in the amount of $73.96"), 5-7 (indicating that Plaintiff disputed charge in amount of $49.97).)